IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re ) | |
| DENNIS MEYER DANZIK ) | Case No.   17-20934 |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |
| CWT CANADA II LIMITED PARTNERSHIP ) | |
| AND RESOURCE RECOVERY CORPORATOIN ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Adv. 18-02007 |
| ) | |
| DENNIS MEYER DANZIK ) | |
| ) | |
| Defendant. ) | |

**ORDER DISMISSING DEBTOR DENNIS MEYER DANZIK'S COUNTERCLAIM**
**and**
**ORDER DENYING MOTION FOR SANCTIONS**

CWT Canada II Limited Partnership and Resource Recovery Corporation (CWT) seeks dismissal of Debtor's counterclaim alleging CWT owes Debtor $1 million based on a letter agreement between RDX Technologies, Inc. and Deja II, LLC.[1] Debtor raised the same counterclaim in CWT's adversary filed in the previous bankruptcy.[2] Debtor, in his response, does not refute this is the same counterclaim previously dismissed nor does he challenge the court's conclusions in that dismissal. This court found that because Debtor was not a party to the letter agreement, nor did the letter agreement grant him rights through an indemnification paragraph, the counterclaim should be stricken.[3]

CWT also seeks the court's ruling on its Motion for Sanction[4] simultaneously filed with the above Motion. CWT requests attorney fees and costs for bring the motion and a monetary sanction against Debtor's counsel.

CWT initially filed these Motion on April 25, 2018, Defendant's response and CWT's reply were filed. Thereafter, the court, *sua sponte* abated the Adversary Proceeding and the

---

[1] ECF No. 7.
[2] *In re Danzik,* Case No. 16-20002, *CWT Canada II Limited Partnership et al. v. Danzik*, Adv Case No. 16-02010.
[3] *CWT Canada II Limited Partnership et al. v. Danzik*, Adv. Case No. 16-02010, ECF No. 21.
[4] ECF No. 8.

above motions, until the New York litigation resolved. As an order was entered by the New York Supreme Court, the court addresses these pending Motions.

Debtor argues that his voluntary dismissal was not final as the decision was not subject to appeal and the adversary was not adjudicated. The court need not address this issue as the facts have not changed. Debtor, in his individual capacity, is not a party to the agreement, and cannot raise it as a counterclaim in a suit against him individually. Thus, the court dismisses Debtor's counterclaim.

The bankruptcy court has an inherent power to sanction. However, in this case, under this Motion, the court will not award sanctions.

IT IS ORDERED Debtor's counterclaim is DISMISSED; and

IT IS ORDERED CWT's Motion for sanctions is DENIED.

BY THE COURT:

_____ 3/7/2019
Honorable Cathleen D. Parker
United States Bankruptcy Judge
District of Wyoming

Service:
    Ken McCartney
    Brad Hunsicker