FILED

2:26 pm, 3/18/19

Tim J. Ellis
Clerk of Court

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DENNIS MEYER DANZIK | ) | Case No. 17-20934 |
| | ) | Chapter 11 |
| Debtor | ) | |
| | ) | |
| CWT CANADA II LIMITED | ) | |
| PARTNERSHIP AND RESOURCE | ) | |
| RECOVERY CORPORATION, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | Adversary No. 18-02007 |
| | ) | |
| DENNIS MEYER DANZIK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM DECISION AND ORDER
GRANTING IN PART AND DENYING IN PART, CWT PARTIES'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the court on Plaintiff Creditors' CWT Canada II Limited Partnership and Resource Recovery Corporation ("CWT Parties") Motion for Partial Summary Judgment on its Complaint to Determine Dischargeability of Debt. The Motion and Complaint allege the New York state court's findings resulting in judgment against Danzik for two counts of conversion, one count of breach of constructive trust, and one count for fraud are preclusive upon this court in the non-dischargeability adversary proceeding, so the judgment is non-dischargeable pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6). The court reviewed the record and finds a hearing will not benefit the court in determining this Motion. The court reviewed the record and grants the motion in part and denies in part.[1]

**Jurisdiction**

The court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), determination of the dischargeability of debts. Venue

---
[1] Unless otherwise noted, all citations are to the United States Code, title 11.

is proper as stated in 28 U.S.C. §§ 1408 and 1409. This matter is before the court for summary judgment pursuant to Fed. R. Civ. P. 56, made applicable by Fed. Rule Bankr. P. 7056.

**Undisputed facts**[2]

On September 7, 2016, the Supreme Court of the State of New York, County of New York, entered a default judgment on the CWT Parties' behalf and against Danzik for $7,033,491.13 in *GEM Holdco LLC, et al., v. Changing World Technologies, L.P., et al.*[3] Danzik appeared in the New York Action with counsel and filed many pleadings throughout the case.[4]

Prior to the entry of the Judgment, the New York Court held Danzik in civil and criminal contempt of court for "multiple extensive, willful and contumacious violations" of the New York Court's discovery orders. Because of the contempt, the New York Court struck Danzik's motions to dismiss and defenses to the CWT Parties' cross-claims asserted against him in the New York Action.[5]

The Judgment was based upon the New York Court's findings of fact and conclusions of law contained in its Decision and Order dated August 4, 2016. First, the New York Court entered judgment on the CWT Parties' cross-claims against Danzik for breach of its obligation to hold certain tax credits in constructive trust and for conversion of the Tax Credits. The New York Court relied upon the allegations against Danzik as asserted in the cross-claims against him, which it deemed admitted:[6]

> i. Danzik was holding the Tax Credits in trust for the CWT Parties;[7]
>
> ii. Danzik was aware that the Tax Credits belonged to the CWT Parties and knew of his duty to turn the funds over to them;[8]
>
> iii. Danzik misappropriated the Tax Credits for himself;[9] and,
>
> iv. Danzik assisted in misappropriating the funds by directing the companies to retain the Tax Credits in derogation of the CWT Parties' rights.[10]

The New York Court also made the following findings regarding the Tax Credits:

---

[2] Unless otherwise noted, all factual references refer to Adversary No. 18-02007, ECF No. 12 (Bankr. D. Wyo.), *CWT Parties Memorandum in Support of Motion for Partial Summary Judgment*, and *Declaration of Jeffrey M. Eilender with Exhibits,*
[3] *Exhibit A, Judgment*, pp. 2-3 of 105.
[4] *Eilender Declaration*, ECF No. 12, p. 2 of 2, at ¶ 8.
[5] ECF No. 12, (Exhibit B, *Default Decision and Order*, (Default Order) p. 11 of 105.
[6] *Id.* at p 12 of 105.
[7] ECF No. 12, Exhibit D, *Verified Answer with Counterclaim*, p. 98 of 105.
[8] *Id.* at pp. 98-9 of 105.
[9] *Id.* at p. 98 of 105.
[10] ECF No. 12, Exhibit D, Verified Answer with Counterclaim, at pp. 98-9 of 105.

    i. The Tax Credits belong to the CWT Parties.[11]

    ii. The Tax Credits do not belong to Danzik or his companies.[12]

    iii. RDX admitted that the Tax Credits "either belongs to the CWT Parties o[r] the federal government."[13]

    iv. Danzik held the Tax Credits in constructive trust.[14]

    v. The evidence proved "that Danzik stole all of the money."[15]

    vi. When the federal government sent the Tax Credits to Danzik's company, Danzik opened a new secret account at Hometown Bank into which he deposited the tax credit funds.[16]

    vii. Danzik then transferred the Tax Credits to himself, his family members and their businesses and used the funds to pay for his business expenses.[17]

    viii. Despite being ordered to produce all bank records evidencing the transfer of the Tax Credits, Danzik deliberately did not disclose the Hometown Bank records, nor did he disclose the existence of that account.[18]

    ix. Danzik breached his obligation to hold the Tax Credits in constructive trust for the CWT Parties.[19]

    x. Danzik is liable for converting the Tax Credits because of his theft of them.[20]

The New York Court entered judgment on the CWT Parties' cross-claims against Danzik for fraud and conversion related to a March 11, 2013, Letter Agreement. The New York Court first relied upon the allegations against Danzik as asserted in the cross-claims against him, which it deemed admitted:

    i. Danzik falsely represented to the CWT Parties that he would use certain proceeds to pay the GEM Note;[21]

    ii. Danzik knew this representation was false and he intended that the CWT Parties rely upon the representation to their detriment;[22] and,

---

[11] ECF No. 12, Default Order, Exhibit B, p. 13 of 105.
[12] ECF No. 12, Exhibit C, *Decision & Order* (Contempt Order), p. 31 of 105.
[13] *Id.*, p. 30 of 105.
[14] *Id.*, p. 30 of 105, n. 13; (citing *In re Danzik,* 16-20002, Dkt. 614, at 9; citing Dkt. 605 at 7).
[15] *Id.*, p. 30 of 105.
[16] *Id.*, p. 27 of 105.
[17] *Id.*, p. 28 of 105.
[18] *Id.*, pp. 28-9.
[19] ECF No. 12, Exhibit B, Default Order, pp 3-4 (citing *In re Danzik* 16-20002, Dkt. 614, at 9, citing Dkt. 605 at 7).
[20] *Id.*, p. 13 of 105.
[21] ECF No. 12, Exhibit D, *Verified Answer with Counterclaim,* p. 94 of 105.
[22] *Id.*

      iii. The CWT Parties justifiably relied upon these representations to their detriment.[23]

The New York Court also made the following findings:

      i. Danzik admitted he took possession of the Letter Agreement proceeds and placed them in another of his company's accounts.[24]

      ii. Danzik falsely represented to the CWT Parties that those proceeds would be used to pay off another obligation [GEM note].[25]

      iii. CWT had a right to possession in the Letter Agreement Proceeds which is superior to RDX Parties.[26]

      iv. Judgment was granted on the cross-claims for fraud[27] and conversion.[28]

Danzik filed for Chapter 11 relief in 2016 – Case No. 16-20002. This court dismissed that petition on March 8, 2017, after it found that he was "not able to effectuate a confirmable plan."[29] On December 6, 2017, Danzik filed his second voluntary petition for relief under Chapter 11. The CWT Parties filed the instant adversary proceeding seeking to determine the non-dischargeability of the debt Danzik owes to the CWT Parties pursuant to Sections 1141(d)(2) and 523(a)(2)(A), (a)(4) and/or (a)(6).

Danzik filed a response to this Motion but did not dispute any of the undisputed facts set forth in CWT's pleadings nor did he file any affidavits or other documents with his response.

**Argument**

      The CWT Parties assert its claim should not be discharged pursuant to Sections 523(a)(2), (4) and (6). It claims it is entitled to summary judgment as the New York Court's Judgment has preclusive effect.

      I.      <u>Standards for Summary Judgment</u>

      A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The court should grant the judgment sought if the pleadings, discovery, disclosed materials on file, and any affidavits show that there is no genuine issue as to

---

[23] *Id.*, p. 95 of 105.
[24] ECF. No. 12, Exhibit B, Default Order, p. 14 or 105.
[25] *Id.*
[26] *Id.* (The RDX Parties include Dennis Danzik and RX Technologies, Inc.; Contempt Order, Exhibit C, p. 19 of 105.)
[27] ECF No. 12, Exhibit B, Default Order, p. 16 [fourth cause of action in their cross-claim and ECF No. 12, Exhibit D, *Verified Answer with Counterclaim,* pp. 94-6 of 105].
[28] *Id.* [sixth cause of action in their cross-claim, at pp. 96-7 of 105].
[29] *In* re *Danzik*, Case No. 16-20002, ECF No. 393, *Order on Sigma Opportunity Fund II, LLC's Motion to Dismiss* (Bankr. D. Wyo. 2017).

any material fact and the movant is entitled to judgment as a matter of law.[30] "Summary judgment is proper only if the evidence, reviewed in the light most favorable to the party opposing the motion, demonstrates no genuine issue of any material fact."[31] An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim.[32] In considering a motion for summary judgment, the court draws all reasonable inferences in favor of the nonmoving party.[33] The nonmoving party cannot rest on the mere allegations and must present evidence to raise a genuine issue.[34] In considering a motion for summary judgment, the court draws all reasonable inferences in favor of the nonmoving party.[35]

>    II.   Danzik's Debt to the CWT Parties is Non-Dischargeable based upon the New York Court's Findings.

The CWT Parties argue that, under New York law, this court should give preclusive effect to the New York Judgment. Danzik admits, under New York law, courts give preclusive effect to default judgments. Danzik sought to vacate the New York Court Judgment, which the New York Court denied on February 4, 2019.

>    A. *The Doctrine of Issue Preclusion/Collateral Estoppel*

"The doctrine of issue preclusion prevents a party that has lost the battle over an issue in one lawsuit from relitigating that same issue in another lawsuit."[36] It is a doctrine designed to promote the fundamental policies of finality, economy, consistency, and comity in the judicial process.[37] In *Grogan v. Garner*, the Supreme Court made clear that, in determining the dischargeability of a creditor's claim, a bankruptcy court may properly give collateral estoppel effect to those elements of a non-dischargeability claim that are identical to elements which were actually determined in a prior action.[38]

Federal courts apply state law in determining the preclusive effect of a judgment entered by a state court.[39] Thus, a court affords a judgment the same preclusive effect in a second action

---

[30] Fed. R. Civ. P. 56, made applicable by Fed. R. Bankr. P. 7056.
[31] *Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 976 (10th Cir. 1995).
[32] *Thomas v. Metropolitan Life Ins. Co.,* 631 F.3d 1153, 1160 (10th Cir. 2011).
[33] *Adamson v. Multi Cmty. Diversified Servs, Inc.,* 514 F.3d 1136 (10th Cir. 2008).
[34] *EagleMed, LLC v. Wyoming ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 227 F. Supp. 3d 1255, 1264 (D. Wyo. 2016), *aff'd sub nom. EagleMed LLC v. Cox*, 868 F.3d 893 (10th Cir. 2017).
[35] *Metropolitan Life Ins. Co.,* 631 F.3d at 1160 (10th Cir. 2011).
[36]  *Melnor Inc. v. Corey* (*In re Corey*), 583 F.3d 1249, 1251 (10th Cir. 2009).
[37]  *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, n.6 (1982).
[38] 498 U.S. 279, 284 (1991).
[39] *Fowler Brothers v. Young* (*In re Young*), 91 F.3d 1367, 1374 (10th Cir. 1999).

brought in a different forum as it would afford if a party brought the later action in the original forum. New York law controls whether the court give preclusive effect to the Judgment.[40]

Under New York law, collateral estoppel prevents parties from re-litigating an issue when "(1) the identical issue necessarily was decided in the prior action and is decisive of the present action, and (2) the party to be precluded from re-litigating the issue had a full and fair opportunity to litigate the issue in the prior action."[41] In this case, both prongs of the test for collateral estoppel are met; and thus, Danzik is precluded from re-litigating the facts that form the basis for the claims for non-dischargeability.

1. The Issues to be Decided in this Non-Dischargeability Action are Identical to those Decided by the New York Court.

The CWT Parties asserted claims in this proceeding alleging the debt owed to them by Danzik is non-dischargeable pursuant to Section 523(a)(2), (4) and (6). The New York Court already made the findings needed to hold this debt non-dischargeable.

a. Section 523(a)(2)(A)

Section 523(a)(2)(A) exempts from discharge any debt for money obtained by "actual fraud." "Actual fraud under section 523(a)(2)(A) is identical to common law fraud under New York law."[42] In the New York Court Judgment, the Court found Danzik liable for fraud. The burden to establish fraud under New York state law is higher than would be necessary in the bankruptcy court.[43] Accordingly, a judgment for fraud based on New York law necessarily precludes a debtor from relitigating that issue in a Section 523 context. New York bankruptcy court recently determined the Supreme Court's decision in *Husky Int'l Elecs. v. Ritz*, expanded the definition of "actual fraud" for section 523 purposes.[44] This means there "can be no question that a finding of common law fraud [under New York law] is identical to actual fraud under section 523(a)(2)(A)."[45] Accordingly, the Judgment is a debt for money obtained by actual fraud and is therefore non-dischargeable pursuant to Section 523(a)(2)(A).

---

[40] *Id.*
[41] *De Curtis v. Ferrandina* (*In re Ferrandina*), 533 B.R. 11, 23 (Bankr. E.D. N.Y. 2015) (quoting *Evans v. Ottimo*, 469 F.3d 278, 282 (2nd Cir. 2006) (citing *Kaufman v. Eli Lilly & Co.,* 482 N.E.2d 63 (1985)).
[42] *United Serv. Org. v. Ottimo* (*In re Ottimo*), No. 8-15-74712-REG, 2017 WL 2470861, at *3 (Bankr. E.D. N.Y. 2017).
[43] *See Evans v. Ottimo*, 469 F.3d 278, 282 (2nd Cir. 2006).
[44] 136 S.Ct. 1581 (2016).
[45] *Ottimo*, 2017 WL 2470861, at *3.

b. Section 523(a)(4)

Under Section 523(a)(4), a debt is non-dischargeable if it is based on "fraud or defalcation while acting in a fiduciary capacity." To prevail on a claim for non-dischargeability under Section 523(a)(4) based on defalcation while acting in a fiduciary capacity, the CWT Parties must satisfy the following two requirements: (1) the existence of a fiduciary relationship between Debtor and the objecting party, and (2) Debtor committed a defalcation in the course of that fiduciary relationship.[46] Federal courts have narrowly defined fiduciary, so to satisfy the fiduciary relationship requirement, the CWT Parties must first prove a technical or express trust existed.[47] Because of the narrow definition, courts generally do not include constructive trusts within the definition.[48] Exceptions, based on state law, may exist, but because the CWT Parties are seeking relief on a collateral estoppel theory, the court need not identify nor analyze such exceptions at this stage.

The New York Judgment is preclusive on this issue. The New York Court explained Danzik held the Tax Credits in constructive trust for the benefit of the CWT Parties. Based on the New York Court's conclusion that a constructive trust existed, there is no fiduciary relationship within the parameters of Section 523(a)(4). The court finds Danzik's debt to the CWT Parties does not meet the requirements to be non-dischargeable as a matter of law pursuant to Section 523(a)(4).

c. Section 523(a)(6)

Section 523(a)(6) exempts from discharge any debt for "willful and malicious injury by the debtor to another entity." To satisfy the "willful" requirement under the statute, there must be a "deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury."[49] The actor must "intend the consequences of an act" rather than merely "the act itself."[50] Therefore, actions arising merely from negligent or reckless conduct do not satisfy the "willful" standard. Additionally, the willful actions must be malicious – conduct that is "wrongful and without just cause or excuse, even in the absence of personal hatred, spite, or ill-

---

[46] *See In re Parker*, 264 B.R. 685, 700 (B.A.P. 10th Cir. 2001), *aff'd,* 313 F.3d 1267 (10th Cir. 2002).
[47] *In re Kalinowski*, 482 B.R. 334, 338 (B.A.P. 10th Cir. 2012).
[48] *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000); *In re Harris*, 898 F.3d 834, 842 (8th Cir. 2018); *In re Honkanen*, 446 B.R. 373, 379 (B.A.P. 9th Cir. 2011); *In re Tucker*, 346 B.R. 844, 850 (Bankr. E.D. Okla. 2006); *In re Bruning*, 143 B.R. 253, 255 (D. Colo. 1992); *In re Weber*, 99 B.R. 1001, 1008–09 (Bankr. D. Utah 1989).
[49] *Kawaauhau v. Geiger*, 523 U.S. 57, 62-63 (1998).
[50] *Id.*

will."[51] Even in the absence of the terms "malicious" or "malice" in the pre-bankruptcy decision, the bankruptcy court can infer from prior factual findings whether Debtor's conduct was "malicious" sufficient to satisfy section 523(a)(6).[52]

The Judgment found Danzik liable for two counts of conversion. "Conversion, if willful and malicious, constitutes an injury to property within the meaning of section 523(a)(6)."[53] The New York Court did not merely find that Danzik "converted" funds, the Court found that Danzik committed "theft" of the Tax Credits and that Danzik "stole" the funds. Specifically, the New York Court held that Danzik is "liable for converting the tax credits because of his theft of them." A finding that a defendant is liable for "theft necessarily includes, at minimum, that [the defendant] knew his conduct was substantially certain to injure plaintiff . . . and conclusively establishes that he willfully inflicted injury . . . under Section 523(a)(6) and conclusively establishes malice."[54] For the forgoing reasons, the New York Court's findings of conversion based upon theft are preclusive for purposes of non-dischargeability pursuant to Section 523(a)(6).

        2. Danzik had a Full and Fair Opportunity to Litigate the New York Action.

Danzik argues that the New York Court did not afford him a "full and fair opportunity to litigate."[55] Danzik also counters this court has discretion whether to apply collateral estoppel when the underlying judgment is a default judgment but does not point the court to any authority. While some states may not give preclusive effect to default judgments, this court is bound to apply New York law, which does give preclusive effect to default judgments.[56]

Danzik had an opportunity to appear but chose not to. Even in the case of a default judgment, under New York law, issue preclusion applies "so long as the defendant had an opportunity to appear."[57] "[T]he 'actual litigation' requirement of collateral estoppel may be

---

[51] *Navistar Fin. Corp. v. Stelluti* (*In re Stelluti*), 94 F.3d 84, 87 (2d Cir. 1996).
[52] *See In re Stanley*, 66 F.3d 664, 668 (4th Cir. 1995).
[53] *Northeast Remarketing Servs. v. Guthier* (*In re Guthier*), Bankruptcy No. 08-33020; Adv. No. 09-50008, 2010 WL 1443989 at *1 (Bankr. N.D. N.Y. April 9, 2010).
[54] *C-Ball Ventures, LLC v. Oltman* (*In re Oltman*), 505 B.R. 311, 317 (Bankr. D. Colo. 2014).
[55] Danzik's assertion is based, in part, on his allegation that CWT stole and hid discoverable documentation. The New York Court rejected this allegation in its Order denying Danzik's motion to vacate the New York Judgment.
[56] *In re Young*, 91 F.3d 1367, 1374 (10th Cir. 1999).
[57] *JP Morgan Case Bank, NA v. Selig* (*In re Selig*), No. 8-17-70042-REG, 2018 WL 889350, at *3 (Bankr. E.D. N.Y. Jan. 24, 2018); *see also Evans v. Ottimo*, 469 F.3d 278 (2nd Cir. 2006); *Metro Found. Contractors, Inc. v. Marco Martelli Assocs, Inc.*, 145 A.D.3d 526, 526-27 (N.Y. App. Div. 2016) (judgment obtained on default was "a proper basis for collateral estoppel since it resulted from plaintiff's willful and repeated refusal to provide discovery.").

satisfied because the party was afforded a reasonable opportunity to defend himself on the merits but [chose] not to do so."[58] Like the *Jordana* case, Danzik materially participated in the case until the last minute. Danzik appeared in the New York Action represented by counsel and filed numerous pleadings.

The default in question arose due to the New York Court striking Danzik's defenses to the CWT Parties' cross-claims based upon his failure to comply with the court's orders. Bankruptcy courts, applying New York law on preclusion, held that a default based upon failure to comply with court orders is entitled to full preclusive effect in subsequent non-dischargeability actions.[59] Danzik had a full and fair opportunity to litigate the claims asserted against him in the New York Action.

Even when law may not grant default judgments preclusive effect, an exception exists when "the losing party has had a full and fair opportunity to participate in the previous litigation, but has engaged in serious obstructive conduct resulting in a default judgment."[60] According to the New York Court, Danzik is the "epitome of a recalcitrant, contemptuous, and incorrigible litigant," who "lie[d]," "deliberately did not disclose" relevant records, "coerced" a witness into "submitting false affidavits," and "perjured himself before a Canadian bankruptcy court."[61]

As discussed above, the New York Court made factual findings based upon admissions as well as the evidence presented at prior contested evidentiary hearings. Under these circumstances, Danzik had a full and fair opportunity to litigate.

**Conclusion**

The New York Court held that Danzik committed fraud, breached his obligations pursuant to a constructive trust, and that Danzik stole the CWT Parties' funds. Danzik may not

---

[58] *McCart v. Jordana* (*In re Jordana*), No. 99–6194, 2000 WL 783401, at *1 (10th Cir. June 20, 2000).

[59] *See Broadway Warehouse Co. v. Schmitt* (*In re Schmitt*), 554 B.R. 589 (Bankr. W.D.N.Y. 2015) (under New York law "a default judgment that results from disobedience of a discovery order has far greater consequences for a defendant than that which results from not answering at all.").

[60] *In re Jordana*, 2000 WL 783401, at *1 (referencing *Wolstein v. Docteroff* (*In re Docteroff*), 133 F.3d 210, 216–17 (3d Cir. 1997) (affirming the use of collateral estoppel in bankruptcy discharge proceeding where default entered because debtor willfully obstructed discovery); *Bush v. Balfour Beatty [Bahamas], Ltd.* (*In re Bush*), 62 F.3d 1319, 1323–24 (11th Cir. 1995) (debtor engaged in dilatory and deliberately obstructive conduct); *FDIC v. Daily* (*In re Daily*), 47 F.3d 365, 368–69 (9th Cir.1995) (same; debtor deliberately precluded resolution of factual issues by obstructing discovery process)).

[61] *Memorandum Decision and Order*, Index No. 650841/2013, NYSCEF Doc. No. 926, entered 2/4/2019, Supreme Court of the State of New York, New York County. (Courtesy copy entered *In re Danzik*, Case No. 17-20934, Adv. No. 18-02007, ECF No. 35. (Bankr. D. Wyo. Feb. 5, 2019)).

re-litigate issues that the New York Court already adjudicated. The Judgment is non-dischargeable as a matter of law under Sections 523(a)(2) and (a)(6), and the court grants partial summary judgment on the CWT Parties' behalf. The court denies summary judgment under Section 523(a)(4), but will not hold a hearing in this adversary since the court has disposed of the other causes of action.

IT IS ORDERED

1. CWT Canada II Limited Partnership and Resource Recovery Corporation's Motion for Partial Summary Judgment is GRANTED, in part;

2. Danzik's debt to the CWT Parties, as provided in the Judgment is not dischargeable as a matter of law under Section 523(a)(2) and (a)(6);

3. The court denies the CWT Parties' motion for summary judgment under Section 523(a)(4); and

4. This is a final order pursuant to Fed. R. Civ. P 54, made applicable under Fed. R. Bankr. P. 7054.

BY THE COURT

*Cathleen D Parker* 3/18/2019

Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming

Service to:
Brad Hunsicker
Joshua Wurtzel
Ken McCartney